# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3669

_____

Dora McNeil,                                    *
                                                *
          Appellant,                            *
                                                *    Appeal from the United States
     v.                                         *    District Court for the
                                                *    Eastern District of Arkansas.
Jose E. Abiseid, M.D., P.A.,                    *
                                                *    [UNPUBLISHED]
          Appellee.                             *

_____

Submitted: October 6, 2006
    Filed: November 1, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Dora McNeil appeals the district court's adverse judgment in her Employment Retirement Security Act (ERISA) action against her former employer, Jose E. Abiseid, M.D., P.A. (Abiseid). In her lawsuit, McNeil challenged the calculation of accrued pension benefits to which she was entitled under a Defined Benefit Plan and Trust (Plan) following her termination. The case was submitted below on the briefs and administrative record, although the parties disputed whether several documents should be included in the administrative record.

We conclude that the district court properly considered as part of the record correspondence between the parties between April and October 2002. The letters

were not considered as "evidence," and thus the rule precluding consideration of documents outside the administrative record does not apply, and in any event McNeil has offered no reason to conclude that the letters were not before the Plan administrator at the time the determination at issue was made.

This court reviews de novo the district court's determination as to the proper standard of review. See Torres v. UNUM Life Ins. Co. of Am., 405 F.3d 670, 677 (8th Cir. 2005). Generally when (as here) a plan expressly gives the administrator discretion to determine eligibility for benefits and to construe plan terms, an abuse-of-discretion standard applies. See McGarrah v. Hartford Life Ins. Co., 234 F.3d 1026, 1030 (8th Cir. 2000). However, a less deferential standard applies when the decisionmaker has, inter alia, not used judgment in reaching its decision. See id. We infer that Abiseid did not exercise judgment when rendering its decision, because Abiseid never provided McNeil with an explanation of the calculations it used to reach its accrued benefit determination. See id. at 1031 (where plan trustee does not, inter alia, offer written decision so that applicant and court can properly review basis for decision, court may infer trustee did not exercise judgment when rendering its decision). Two letters--one written in April 2002 and one written in October 2002-- provided the only explanation by Abeseid of its accrued benefit determination. These letters merely repeated Plan provisions and identified which interest and mortality tables were used, but never explained how applying these terms and tables yielded the calculated accrued benefit. Because Abiseid never explained its calculations, and never told McNeil why her claimed amount was incorrect, McNeil was deprived of the ability to tell the court why Abiseid's calculations were wrong, and the district court and this court are likewise unable to determine whether the result was correct. See Collins v. Central States, S.E. & S.W. Areas Health & Welfare Fund, 18 F.3d 556, 561 (8th Cir. 1994) (ERISA requires fiduciary to provide benefits claimant with written decision explaining specific reasons for denial, written in manner calculated to be understood by claimant; trustees are obliged to explain rationale underlying decision so that claimant may adequately prepare appeal to federal court and court

may properly review decision). Abiseid's failure to provide any explanation regarding why its benefit calculation was correct and McNeil's was wrong constitutes a procedural irregularity that warranted application of a sliding-scale standard. See Woo v. Deluxe Corp., 144 F.3d 1157, 1162 (8th Cir. 1998) (describing sliding-scale approach).

Moreover, we disagree with the district court that the belated explanation offered by Abiseid in its district court brief for the difference in calculations--the use of different "normal retirement benefit" (NRB) rates--explains how Abiseid "interpreted" the plan to reach a result different from the one McNeil calculated.[1] We conclude the question of the applicable NRB rate does not involve an interpretation of the Plan, and thus that the factors set forth in Finley v. Special Agents Mut. Benefit Ass'n, Inc., 957 F.2d 617 (8th Cir. 1992), do not apply. See id. at 621 (factors used in determining whether interpretation of plan terms is reasonable). We cannot tell from the record documents--the Plan, an adoption agreement, a December 1997 Annual Consent Memorandum, and "accounts and allocations worksheets"--what information is significant or relevant to the accrued benefit calculation. In addition, unlike the district court, we fail to see how the fact that the same person drafted the Plan, calculated the accrued benefits each year, and calculated the final determination, means that the final determination was necessarily beyond challenge, and we also fail to see how annual benefits summaries McNeil received (which were never referenced in Abiseid's correspondence about McNeil's accrued benefits) established that McNeil's calculations were wrong.

Because this court cannot make a determination as to the propriety of Abiseid's final determination on the administrative record before it, we remand to the district court with directions to remand to Abiseid with instructions to reopen the

[1]Even in its brief to the district court, Abiseid appeared to take different positions on whether it used a 15.7% NRB rate or a changing NRB rate each year.

-3-

administrative record to respond to McNeil's claim with a detailed explanation of its calculations.  See Abram v. Cargill, Inc., 395 F.3d 882, 887 (8th Cir. 2005) (noting remand is proper when ERISA plan fails to make adequate findings or adequately explain its reasoning).  We thus do not reach the attorney-fee issue.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

_____